UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REMON L. GIBSON,<br><br>Defendant. | Mag. Case No. 07-204M |

## DETENTION MEMORANDUM

The Defendant, Remon L. Gibson, has been charged by criminal complaint with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The Government requested a detention hearing, which was held May 10, 2007. At the conclusion of the hearing, the Court found that Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 19 U.S.C. § 3142(i)(1).

### Findings of Fact

At the hearing, Detective Lorenzo James with the Metropolitan Police Department ("MPD") Interdiction Unit testified for the Government. As a preliminary matter, Detective James stated that he has worked in the Interdiction Unit for three to four years monitoring illegal interstate narcotics trafficking through trains, buses, airports and the mails. He has made over 20

arrests involving cocaine of the amount alleged in this case, and is familiar with the drug's usual pricing, packaging and distribution.

Detective James testified that, on May 5, 2007, he was contacted by the Amtrak Police Department. Detective James learned that an Amtrak police officer had spoken with two individuals (Defendant and a certain female) traveling on an Amtrak train through New Orleans. Defendant and the female had aroused the suspicion of the Amtrak Police for the following reasons: (1) their tickets had been paid for by a credit card bearing neither of their names; (2) they had told the Amtrak police officer in New Orleans that they had just flown from New York to Arizona, and were now on their way back to New York by train; and (3) although Defendant told the Amtrak officer that they had checked their luggage, there was no record of checked luggage under either of their names. Detective James had also learned the names of the two individuals, their description, their location on the train and the time at which their train would be stopping at Union Station in Washington, D.C.

Detective James testified that on May 6, 2007 he and other members of the MPD Interdiction Unit met the train when it arrived in Union Station. Pursuant to information given them by the Amtrak police, they boarded Car No. 20, a sleeper car. On that car, they knocked on the door of Room 7 and spoke with Defendant and the aforementioned female. The female traveler produced her train ticket, and Defendant produced a printout of his Amtrak travel itinerary. Detective James then asked if he could search the room; Defendant gave his consent.

Atop one of the bunks in the room, the MPD officers found a red and black duffel bag containing 10 bricks of cocaine, each packaged in several layers of duct tape. The bricks were hidden in the bag amongst various articles of men's clothing. The bricks field tested positive for cocaine, and weighed a total of five kilograms. Also found in the bag were an Amtrak ticket

envelope and a luggage tag bearing Defendant's name and address. After Defendant was placed under arrest, police found $1,159.25 on his person. Police also found Defendant's ticket stub for his flight from New York to Arizona. According to the stub, the plane had arrived in Arizona on May 2, 2007.

Detective James testified that such a large amount of illegal drugs, combined with Defendant's peculiar travel pattern, indicated to him that the cocaine was meant for wholesale distribution, not personal use.

At the close of the hearing, the Court found probable cause to believe that the Defendant had committed a violation of 21 U.S.C. § 841(a)(1).

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, the Court finds probable cause to believe that a defendant has committed a violation of the Controlled Substances Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp.

316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant is charged with possession with intent to distribute cocaine five kilograms of cocaine, a serious drug offense carrying a maximum prison sentence of ten years or more.

The second factor, the weight of the evidence, also favors detention. The Government has strong evidence linking Defendant to the alleged drug offense. A search of a bag in Defendant's train cabin yielded five kilograms of cocaine meticulously packaged in several layers of tape. The bag is further linked to Defendant because it contained men's clothing and a luggage tag bearing his name and address. Also, the Government has documentation indicating that, before riding the train from Arizona to New York, Defendant had flown from New York to Arizona on May 2, 2007.

The third factor, the history and characteristics of the Defendant, favors detention. Defendant has no known prior criminal history and is employed as a construction worker in New York. He also has a supportive family that has offered to guarantee his future appearance in court. However, the facts alleged against Defendant indicate that he went through great lengths

to conceal his interstate transport of illegal drugs. Such efforts included Defendant lying to Amtrak Police in New Orleans when questioned about his luggage. The facts in total leave the Court with little confidence that the Defendant will comply with conditions of release imposed upon him in this case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Although the instant charges did not involve violent activity, cocaine is a dangerous and illegal substance that causes violence in the Washington, D.C. area. Here, the danger is compounded by two factors: (1) the very large quantity of drugs the Defendant had in his possession; and (2) Defendant's transport of the drugs through so many communities in addition to Washington, D.C.

## **Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the Government's motion for pretrial detention is granted.

Dated: May __11th__, 2007        /s/_____
                                  ALAN KAY
                                  UNITED STATES MAGISTRATE JUDGE